# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**DERRICK S. GALVIN**  **PLAINTIFF**
**ADC #163461**

v. No: 5:18-cv-00316 BSM-PSH

**WENDY KELLEY,** *et al.*  **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Derrick S. Galvin filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 19, 2018, while incarcerated at the Arkansas Department of Corrections' Varner Unit (Doc. No. 2). Galvin was subsequently granted leave to proceed *in forma pauperis* (Doc. No. 3). For the reasons stated herein, Galvin's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity

secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Galvin sues five prison officials, 26 private individuals and/or entities, and a number of Doe defendants. Galvin alleges that defendants created and/or used technology to control his thoughts, dreams, and body. He alleges that use of the technology causes him physical pain, heart attacks, strokes, seizures, and ear problems. Galvin claims that some of the defendants use the technology to rape or sexually assault him during his sleep.[1] Because Galvin's factual allegations are purely speculative and fanciful, Galvin's complaint should be dismissed as frivolous. *See Denton v. Hernandez*, 504 U.S. at 33 ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Galvin's complaint be dismissed without prejudice as frivolous.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 14th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Galvin makes the same allegations against other defendants in *Galvin v. Jones et al.*, Case No. 1:18-cv-00087 DPM-JTK.